UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. FELDER,<br><br>                    Plaintiff,<br><br>        v.<br><br>HENSON, et al<br><br>                    Defendants. | Case No.  1:13-cv-01622-JLT (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>**(Doc. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

I.      **Background**

        Plaintiff Anthony E. Felder ("Plaintiff") is a prisoner in the custody of the California

Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action

on October 9, 2013.  (ECF No. 1.)  The Complaint is now before the Court for screening.  For the

reasons discussed herein, Plaintiff has failed to state any cognizable claims.  Since Plaintiff may

be able to cure the defects in his pleading, the Complaint is dismissed with leave to file a first

amended complaint.

        A.      **Screening Requirement**

        The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### B.   Summary of the Complaint

Though currently confined at the Correctional Training Facility at Soldead, California,

Plaintiff complains of acts that occurred while he was an inmate at Avenal State Prison ("ASP")

and names the following as defendants in this action:  ISU IGI Sergeant Henson, ISU Officers

Gibson, Kruse, Kuckenbaker, Morgan, Villabu, and Sergeant Hill; Watch Commander Amaro;

MTTA RN Starr; Dr. McLoughlin; Dr. P. Narayan; and Dr. Stockwell. Plaintiff seeks monetary

damages.

Plaintiff alleges that he arrived at ASP on May 16, 2010.  (ECF No. 1, Compl, p. 3.)

Upon his arrival, Plaintiff alleges that he was detained by ISU officers who informed him that

they had reason to believe that he was in possession of contraband.  (*Id.*)  Upon hearing that,

Plaintiff responded that they had the wrong inmate and shortly thereafter Plaintiff was forced to

the ground.  (*Id.*)  Plaintiff began yelling to get the attention of others and, when his yelling didn't

stop the assault, he started yelling that he needed a psychiatrist.  (*Id.*)  Plaintiff does not

identify/delineate which of his specific constitutional rights he feels were violated, so the

standards that appear most applicable to his factual allegations are given.

### C.   Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534

U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).

"Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  However, "the liberal pleading

1    standard . . . applies only to a plaintiff's factual allegations."   *Neitze v. Williams*, 490 U.S. 319,

2    330 n.9 (1989).   "[A] liberal interpretation of a civil rights complaint may not supply essential

3    elements of the claim that were not initially pled."   *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d

4    1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

5    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

6    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

7    claim upon which relief may be granted."   28 U.S.C.   § 1915(e)(2)(B)(ii).

8           Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

9    cause of action, supported by mere conclusory statements, do not suffice."   *Ashcroft v. Iqbal*, 556

10    U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

11    Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

12    plausible on its face.'"   *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.   Factual

13    allegations are accepted as true, but legal conclusions are not.   *Iqbal.* at 678; *see also Moss v. U.S.*

14    *Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.   While

15    "plaintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949,

16    977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded

17    the benefit of any doubt.   *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).   However, courts are

18    not required to indulge unwarranted inferences.   *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,

19    681 (9th Cir. 2009).   The "sheer possibility that a defendant has acted unlawfully" is not

20    sufficient and "facts that are 'merely consistent with' a defendant's liability" fall short of

21    satisfying the plausibility standard.   *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at

22    969.

23           If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as

24    concise as possible.   He should merely state which of his constitutional rights he feels were

25    violated by each Defendant and its factual basis.

26    **2.  Linkage Requirement**

27           The Civil Rights Act under which this action was filed provides:

28

1
2
3

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

5   the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See*

6   *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362

7   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

8   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

9   in another's affirmative acts or omits to perform an act which he is legally required to do that

10  causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

11  Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named

12  defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

13  federal rights.

14       Plaintiff names twelve Defendants, but fails to link any of them to any of his factual

15  allegations.  Plaintiff must clarify which Defendants he feels are responsible for each violation of

16  his constitutional rights and their factual basis as his Complaint must put each Defendant on

17  notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th

18  Cir. 2004).

19       **3. Exhibits**

20       Plaintiff attached a number of exhibits to the Complaint which he references generally as

21  supportive of his allegations.  Originals, or copies of evidence (i.e., prison or medical records,

22  witness affidavits, inmate appeals, etc.) need not be submitted until the course of litigation brings

23  the evidence into question (for example, on a motion for summary judgment, at trial, or when

24  requested by the Court).  At this point, the submission of evidence is premature as Plaintiff is only

25  required to state a prima facie claim for relief via his factual allegations.  Thus, in amending his

26  Complaint, Plaintiff would do well to simply state the facts upon which he alleges a defendant has

27  violated his constitutional rights and refrain from submitting exhibits.

28       If Plaintiff feels compelled to submit exhibits with an amended complaint, he is reminded

4

1   that such exhibits must be attached to the amended pleading and must be incorporated by

2   reference.  Fed. R. Civ. Pro. 10(c).  With regard to exhibits that are properly attached and

3   incorporated, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations

4   within a complaint, not to wade through exhibits, to determine whether cognizable claims have

5   been stated.

6        Further, if Plaintiff attaches exhibits to an amended complaint, each exhibit must be

7   specifically referenced.  For example, Plaintiff must state "see Exhibit A" or something similar in

8   order to direct the Court to the specific exhibit Plaintiff is referencing.  Further, if the exhibit

9   consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "see

10  Exhibit A, page 3").  Finally, the Court reminds Plaintiff that the Court must assume that

11  Plaintiff's factual allegations are true.  Therefore, it is generally unnecessary for Plaintiff to

12  submit exhibits in support of the allegations in a complaint.

13       **4. Federal Rule of Civil Procedure 18(a)**

14       Federal Rule of Civil Procedure 18(a) states:

15       A party asserting a claim to relief as an original claim, counterclaim, cross-claim,
         or third-party claim, may join, either as independent or as alternate claims, as
16       many claims, legal, equitable, or maritime, as the party has against an opposing
         party.' Thus multiple claims against a single party are fine, but Claim A against
         Defendant 1 should not be joined with unrelated Claim B against Defendant 2.
17       Unrelated claims against different defendants belong in different suits, not only to
         prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s],
18       but also to ensure that prisoners pay the required filing fees-for the Prison
         Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any
19       prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).
         *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).
20

21  The Court must be able to discern a relationship between Plaintiff's claims.  At this point, it

22  appears that Plaintiff's allegations of being taken to the ground on contraband suspicion (against

23  the officers) and being involuntarily medicated (against the medical/mental health staff) are

24  separate and distinct incidents.  Plaintiff is advised that if his amended complaint fails to comply

25  with Rule 18(a), all unrelated claims will be subject to dismissal.

26       **D.      Claims for Relief**

27            **1. Eighth Amendment – Excessive Force**

28       The Eighth Amendment prohibits those who operate our prisons from using "excessive

5

physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim").  As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment."  *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir. 1992).  "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'"  *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting *Rhodes*, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (8th Amendment excludes from constitutional recognition *de minimis* uses of force).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident.  *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Id.* at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  *Id.* at 9-10 (internal quotations marks and citations omitted).

Plaintiff does not state a cognizable claim for use of excessive force in violation of the Eighth Amendment as he does not link any of the named Defendants to his factual allegations.  Further, no assessment is made as to whether Plaintiff's factual allegations, if linked to a named Defendants would be cognizable.  If prison staff had reason to search Plaintiff and he resisted, a use of force may have been necessary.  The extent of force used and required might be in question.

### 2. Involuntary Sedation

In some of the exhibits Plaintiff alleges that he was sedated against his will, but he specifically alleges that, during the incident, he yelled that he needed to see a psychiatrist because he is "CCMS under the doctor's care." (ECF No. 1, Compl., p. 3.) "[T]he Due Process clause permits the State to treat a prison inmate who has a serious mental illness, with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" as long as the decision to medicate against his will is neither arbitrary, nor erroneous, and comports with procedural due process. *Washington v. Harper* 494 U.S. 210, 227-29 (1990). From Plaintiff's allegations, it appears that he may not be able to state a cognizable claim for involuntary sedation. Plaintiff's intent behind this claim is unclear as it is uncertain whether he is indicating that he was sedated against his will during the altercation regarding the contraband search or if it occurred at another time and location. Thus, Plaintiff should carefully consider whether to raise this claim in any amended complaint.

### 3. Supervisory Liability

Plaintiff lists a number of Defendants with titles that appear to be in supervisory positions. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In

a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.*  Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct.  *Id.*

Thus, unless Plaintiff can specifically allege personal participation in an alleged deprivation of his constitutional rights or promulgation/implementation of a policy that caused a deprivation of his constitutional rights, he will not be able to state a cognizable claim.  Plaintiff fails to state a cognizable claim for supervisory liability in the Complaint against any of the named Defendants.

## II.    CONCLUSION

Plaintiff does not state any cognizable claims against any of the named Defendants. Plaintiff is granted leave to file a first amended complaint to cure the deficiencies identified by the Court in this order, *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

If Plaintiff opts to amend, his first amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal right so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v.*

8

*Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in a first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is further advised that any amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); accord *Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.   Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order; and

3.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 18, 2013**                    **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE