# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. FELDER,<br><br>               Plaintiff,<br><br>   v.<br><br>LAKSHIMI, et al<br><br>               Defendants. | **Old Case No.  1:14-cv-291 - - - DLB (PC)**<br>**New Case No. 1:14-cv-291 AWI JLT (PC)**<br><br>**ORDER RELATING CASES AND ASSIGINING DISTRICT JUDGE ANTHONY W. ISHII AND MAGISTRATE JUDGE JENNIFER L. THURSTON**<br><br>**ORDER CONSOLIDATING FOR ALL PURPOSES AND ADMINISTRATIVELY CLOSING CASE 1:14-cv-0291 AWI JLT (PC)** |

*Relation*

Plaintiff, Anthony E. Felder, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion for leave to amend the complaint and lodged a second amended complaint that indicates his claims involve events surrounding May 16, 2013 at Avenal State Prison.  (Docs. 17, 18.)  Previously, Plaintiff filed a case based on events surrounding May 16, 2013 at Avenal State Prison, in an action entitled *Felder v. Henson*, 1:13-cv-1622 AWI-JLT (PC).  The Court's review of this case and *Felder v. Henson* reveals that these actions are related, as that term is defined in Local Rule 123(a).  Because reassignment of this action to a single judge is likely to affect a savings of judicial effort and economy, it is appropriate to reassign this action to the same district judge and Magistrate Judge.  See Local Rule 123(c).

1

*Consolidation*

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> > (2) consolidate the actions; or
> > (3) issue any other orders to avoid unnecessary cost or delay.

District courts may consolidate cases *sua sponte*. See In re Adams Apple, 829 F.2d 1484, 1487 (9th Cir. 1987). A district court has broad discretion to determine whether and to what extent consolidation is appropriate. See Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 877 F.2d 777 (9th Cir. 1989); In re Consol. Parlodel Litig., 182 F.R.D. 441, 444 (D. N.J. 1998). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); see also Zhu v. UCBH Holdings, Inc., 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010). "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties." J.G. Link & Co. v. Continental Cas. Co., 470 F.2d 1133, 1138 (9th Cir. 1972).

The Court finds that consolidation for all purposes will aid both judicial and party efficiency and that consolidation will not cause delay, confusion, or prejudice. Plaintiff is pro se in both cases, and the defendants are represented by the attorneys from the California Attorney General's office in both cases. The events of the two cases are related to and surround the events of May 16, 2013 at Avenal State Prison. Under these circumstances, consolidating and merging these cases into one case would be efficient. See Davis v. Roane Cnty., 2014 U.S. Dist. LEXIS 164309 *6-*7 (E.D. Tenn. Nov. 21, 2014); Intertex, Inc. v. Dri-Eaz Prods., 2013 U.S. Dist. LEXIS 82917, *9-*11 (W.D. Wash. June 11, 2013); Bejarano v. Allison, 2011 U.S. Dist.LEXIS 96459, *2-*3 (E.D. Cal. Apr. 29, 2011); cf. Schnable v. Lui, 302 F.3d 1023 (9th Cir. 2002) (describing three possible consolidation procedures under Rule 42, but declining to decide which procedures are proper or improper). Therefore, the Court will order *Felder v. Henson* and *Felder v. Lakshmi* consolidated for all purposes, and will administratively close *Felder v. Lakshmi*.

Finally, there is a motion to dismiss and a proposed amended complaint that is pending as part of *Felder v. Lakshmi*. The Court will direct the Magistrate to address the motion to dismiss and the amended complaint, and then take steps for Plaintiff to file a single operative complaint. See Tyler v. Alameida, 2010 U.S. Dist. LEXIS 60245, *2 n.2 (E.D. Cal. June 17, 2010).

**ORDER**

Accordingly, the IT IS HEREBY ORDERED that:

1. Pursuant to Local Rule 123, the above-captioned action, being the higher numbered case, is reassigned to the same district judge and magistrate judge as the lower numbered case;

2. This matter, *Felder v. Lakshimi*, shall be given the new case number: 1:14-cv-0291 AWI JLT (PC);

3. The Clerk shall consolidate *Felder v. Lakshimi,* 1:14-cv-0291 AWI JLT (PC) with the case of *Felder v. Henson*, 1:13-cv-1622 AWI JLT (PC), for all purposes;

4. All future pleadings and/or correspondences shall use case number 1:13-cv-1622 AWI JLT (PC);[1]

5. The Clerk shall administratively close this case, *Felder v. Lakshmi*, 1:14-cv-0291 AWI JLT;[2]

6. This matter is referred to the Magistrate Judge for further proceedings as described, including the entry of a new scheduling order; and

7. The Clerk shall file a copy of this order in Case No. 1:13-cv-1622 AWI JLT (PC).

IT IS SO ORDERED.

Dated: September 8, 2015

SENIOR DISTRICT JUDGE

---

[1] Use of an incorrect case number or incorrect judge's initials may result in delay in processing documents and distribution of copies to the judge assigned.

[2] The Court clarifies that administratively closing a case has no impact whatsoever on the merits of the case.