# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. FELDER,<br><br>Plaintiff,<br><br>v.<br><br>HENSON, et al.,<br><br>Defendants. | Case No. 1:13-cv-01622-AWI-JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' TO GRANT MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Docs. 21, 32)<br><br>21-DAY DEADLINE |

In this action, Plaintiff seeks to impose liability against Defendants Henson, Amaro, Gibson, Kruse, Kuckenbaker, Morgan, Villaba, and Hill for excessive use of force and deliberate indifference in violation of the Eighth Amendment ("*Felder I*").

## I. Procedural History

On March 4, 2014, Defendants filed a motion to dismiss based on arguments that Plaintiff failed to exhaust administrative remedies prior to filing suit and for failure to state a cognizable claim. (Doc. 21, MTD.) Plaintiff filed an opposition to which Defendants replied. (Docs. 25, 29.)[1] Plaintiff filed a surreply[2] without authorization of the Court and, therefore, it is not considered. (Doc. 32.)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] Plaintiff would fare no better if his surreply were considered since it only addressed the defense arguments that he failed to exhaust administrative remedies which Defendants withdrew from consideration on May 13, 2014. (*See* Docs. 33, 34.)

On April 3, 2014, the Ninth Circuit decided *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2013). *Albino* held that challenges to exhaustion of administrative remedies should be brought in a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure rather than as an unenumerated motion to dismiss under Rule 12(b). On May 13, 2014, Defendants filed a motion withdrawing the portion of their motion that pertained to the exhaustion issue and their request to proceed on the remainder of their motion was granted.[3] (Docs. 33, 34.) Thus, only the portion of Defendants' motion that challenges whether Plaintiff has stated cognizable claims is addressed at this time.

Further, on June 16, 2015, Defendants filed a notice of related case which indicated that Plaintiff was asserting similar facts and claims to those in this case in another action -- *Felder v. Lakshmi, et al.*, USDC, Eastern District of California, No. 1:14-cv-00291-DLB ("*Felder II*"). (Doc. 36.) Upon review and consideration, that action was consolidated with the present case. (Doc. 37) At the time of consolidation, pending in *Felder II*, was Defendants' motion to dismiss (Doc. 15) and Plaintiff's motion to amend (Doc. 17) -- upon which briefing was completed and/or time for briefing had passed so as to be deemed submitted. Local Rule 230(l). Defendants' motion to dismiss and Plaintiff's motion to amend in *Felder II*, are briefly addressed herein for completeness and in fairness to all parties. The Court will recommend the motion to dismiss be granted and that Plaintiff be granted leave to file an amended, consolidated complaint in which he can attempt to correct the deficiencies in the allegations he raised in both actions.

**II.    Legal Standards -- Motion to Dismiss**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. Dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir.

---

[3] Unfortunately, due to the computerized nature of the CM/ECF docketing system, it has been discovered that resolution of Defendants' motion withdrawing their arguments pertaining to exhaustion terminated the pending status of their motion to dismiss, for internal tracking purposes.

2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Prisoners proceeding *pro se* are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216-17. "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" *Id.* (emphasis in original). "Rule 8(a) '*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Id.*, quoting *Twombly*, 550 U.S. at 556 (emphasis added in *Starr*).

**III. Discussion**

    **A.** *Felder I*

Defendants raise two arguments upon which they assert the Court should dismiss Plaintiff's claims: that Plaintiff failed to sufficiently link the named Defendants to his factual allegations (Doc. 21-2, MTD, 6:7-7:8); and that Plaintiff failed to state a claim based on lack of a causal

3

relationship (*id.*, at 7:9-8:14).

### 1. Plaintiff's Allegations

All of Plaintiff's allegations are found on page three of the 1stAC. The complaint reads[4]:

> IV. Statement of Claim
> On May 16, 2013, I arrived to Avenal State Prison From Chuckwalla Valley State Prison. Upon my arrival I was detained by the Defendants I named in III Defendants (A) & (B) informing me that They Had reason to believe that I was in possession of contraband. My response was that you have the wrong inmate. Not soon after making this statement I was Being physically forced to the ground and punched in the right side of my neck. Out of fear of my safety I started yelling so other inmates could witness the excessive force and attack against me. I was also given 2 sedation shots 1 - Haldol  1 - Benadryl and then I was terrorized and illegally intterogated and was made to sign paper while drugged by Sgt. Amaro and ISU Gibson! All the Defendants was involved and present in this incident.
>
> V. Relief
> As a result of the defendants assault and terrorist act against me I continue to suffer painfully and emotionally damage which was documented by doctors at Avenal and Soledad State Prison. For my neck; both wrist and my right knee damage im asking to be granted 1,000,000 million dollars for compensatory damages and im seeking punitive damages against the defendants to punish The guards for assaulting me, illegal interrogation and For The Terrorist Act committed against me By All defendants in my claim.

### 2. Defendants' Motion

#### a. Linkage

Defendants argue that that Plaintiff failed to sufficiently link the named Defendants to his factual allegations. (Doc. 21-2, MTD, 6:7-7:8.)

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

---

[4] This is an exact, verbatim duplication of Plaintiff's allegations. No effort has been made to correct verbiage or sentence structure.

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Upon initial screening, it appeared that Plaintiff may not know which specific Defendant(s) engaged in the attack and which Defendant(s) were present and watched -- which is not implausible under the situation alleged. Plaintiff's allegations clearly describe an attack while he was being received for placement in Avenal State Prison and were found cognizable under the lenient standards that are to be afforded to *pro se* inmate Plaintiffs. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, his allegations contained "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a), which ". . . must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

Plaintiff's allegations in this action give Defendants fair notice that he alleges that excessive force was used on him and that prison staff who were present watched without intervening on his behalf when he was confronted about secreting contraband -- which is cognizable. *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("A guard who stands and watches while another guard beats a prisoner violates the Constitution . . . .") However, in retrospect, Plaintiff's allegation that all of the Defendants were involved and/or present during the incident may not be specific enough for the individual Defendants to form/prepare their defense.

Thus, Defendants' motion to dismiss should be granted, but Plaintiff should be given leave to amend to clarify the following: which Defendant(s) he alleges subjected him to excessive force at their own hands; which Defendant(s) gave him the shots of Haldol and Benadryl (and whether they were necessary); which Defendant(s) terrorized and illegally interrogated him; and which Defendant(s) watched and failed to intervene on his behalf -- specifically identifying the offending acts that each Defendant allegedly engaged in or watched and failed to intervene.

**b. Causal Relationship**

Defendants also argue that Plaintiff failed to state a claim based on lack of a causal relationship. (Doc. 21-2, MTD, at 7:9-8:14.) Defendants mainly rely on *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988), *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Hudson v. McMillian*, 5603 U.S. 1 (1992) for their argument that Plaintiff must establish a causal link between each of the Defendants' conduct and his damages.

It is true that a person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). It is also true that "[c]ausation is, of course, a required element of a § 1983 claim," *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir.1999), and that "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation," *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71(1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir.1986).

However, "[d]irect, personal participation is not necessary to establish liability for a constitutional violation." *Wong v. United States*, 373 F3d 952, 966 (9th Cir. 2004). "'The requisite causal connection can be established . . . also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Id.* (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The critical question is whether it was reasonably foreseeable that the actions of the particular . . . defendants would lead to the rights violations alleged to have occurred . . . ." *Id.* Subjecting an inmate to acts of excessive force, or standing by, watching it happen, and failing to intervene, foreseeably violate the inmate's rights under the Eighth Amendment.

In the section of the 1stAC titled "V. Relief" Plaintiff states, "As a result of the defendants assault and terrorist act against me I continue to suffer painfully [sic] and emotionally [sic] damage which was documented by doctors at Avenal and Soledad State Prison." This statement, leniently

viewed, encompasses the acts by those who allegedly subjected Plaintiff to excessive force and those who allegedly watched and failed to intervene on Plaintiff's behalf. At screening, this suffices to establish the requisite causal connection. Details of the "painful and emotional damage" that Plaintiff attributes to this incident and/or the actions or failure to act by any given Defendant(s) that caused those alleged damages, can and be fleshed out in discovery.

### B. *Felder II*

Defendants raise three arguments upon which they assert Plaintiff's claims against them should be dismissed: that Plaintiff failed to state a due process claim based on the injections of Haldol and Benadryl he was given (Doc. 15-1, MTD, 3:20-4:26); that Defendants are immune to Plaintiff's claims under the Eleventh Amendment since he sued them in their official capacities (*id.*, at 5:1-20); that they are entitled to qualified immunity on Plaintiff's claims against them in their individual capacities (*id.*, at 5:21-7:9); and that jurisdiction is lacking on Plaintiff's request for injunctive relief (*id.*, at 7:6-8:2).

#### 1. Plaintiff's Allegations

Plaintiff alleges that his rights under the Due Process Clause and under the Eighth Amendment were violated when Defendant Dr. Narayan gave an order for Plaintiff to be injected with Haldol and Benadryl. (Doc. 7, 1stAC, at pp. 3-6.) Plaintiff alleges he had been beaten by ISU officers while wearing waist chains and leg irons and while strapped onto a gurney. (*Id*.) At this time, he claims Defendant Dr. Narayan ordered Defendant R.N. Michael Starr to inject Plaintiff with Haldol and Benadryl. (*Id*.) He claims this injection cause him to which suffer an allergic reaction which has left him with a permanent twitch in the nerves in his neck. (*Id*.) Plaintiff alleges that, despite knowing both that the restraints used on Plaintiff were highly unusual and unnecessary, as well as the risk of side effects of the medications, Defendant Dr. McLoughlin stood by and watched while Defendant Starr injected him. (*Id.*) Plaintiff alleges he was then turned over to ISU officers for interrogation to induce a confession while he was drugged. (*Id.*)

#### 2. Defendants' Motion

##### a. Failure to State a Due Process Claim

Defendants argue that Plaintiff failed to state a due process claim based on the injections of

7

1 Haldol and Benadryl he was given. (Doc. 15-1, MTD, 3:20-4:26) Defendants argue that the Haldol
2 and Benadryl injections given to Plaintiff were necessary because Plaintiff posed a security threat to
3 himself and others, citing to Plaintiff's allegations that the medications and interrogation increased his
4 disillusionment and schizophrenia and that the medication was required even though he was shackled
5 and strapped to a gurney. (*Id.*, citing *Washington v. Harper*, 494 U.S. 210, 227 (1990).) Defendants
6 also argue that Plaintiff's allegations are insufficient since he does not plead that he was injected with a
7 larger dose than was needed, nor that injections were instituted for a time period longer than 72 hours.
8 (*Id.*, citing *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1076 (S.D. Cal. 2007), *Keyhea v. Rushen,* 178
9 Cal.App.3d 526 (1986).)

10 While Plaintiff's allegations can be read to imply that he posed a security threat and that the
11 medications were necessary to calm him down, they can also be read to infer that he was unnecessarily
12 injected with Haldol and Benadryl when he was already restrained and strapped to a gurney -- where
13 he did not pose a threat to anyone. In the pleading stage, the Court is required to broadly construe
14 Plaintiff's factual allegations and to afford them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d
15 338, 342 (9th Cir. 2010). Though Plaintiff's complaint is not a perfectly drafted set of allegations,
16 it can be construed to show that he was allegedly unnecessarily medicated against his will -- which
17 is not implausible and survives Defendants' motion to dismiss. *Starr*, 652 F.3d at 1216-17.

### b. Eleventh Amendment Immunity

19 Defendants also argue that they are immune under the Eleventh Amendment to Plaintiff's
20 claims against them in their official capacities. (Doc. 15, MTD, at 5:1-20.)

21 The Eleventh Amendment prohibits federal courts from hearing suits brought against an
22 unconsenting state, *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir.
23 1991) (citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996);
24 *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v.*
25 *State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991), and "a suit against a state official in his or
26 her official capacity is not a suit against the official but rather is a suit against the official's office,"
27 and "[a]s such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of*
28 *State Police*, 491 U.S. 58, 71 (1989). Accordingly, "[t]he Eleventh Amendment bars actions for

8

damages against state officials who are sued in their official capacities in federal court." *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999); *ref Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "That is so because . . . a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Id.* (citation and internal quotation marks omitted in original).

Plaintiff's claims in *Felder II* for damages against the Defendants, who are state officials, in their official capacities are barred by the Eleventh Amendment.

### c. Qualified Immunity

Defendants argue that they are entitled to qualified immunity on Plaintiff's claims against them in their individual capacities. (Doc. 15, MTD, at 5:21-7:9.)

Defendants argue that their prior arguments show that Plaintiff has not alleged facts to establish any constitutional violation so as to entitle them to qualified immunity (*id.*, at 6:12-14), but this fails since, as discussed herein above, Plaintiff's allegations when liberally construed, state a cognizable due process claim. Defendants argue further that, if Plaintiff's allegations are found to establish a constitutional violation, they show that none of the Defendants took any action that a reasonable prison official would have believed to be unlawful. (*Id.*, at 6:15-24.)

It is true that government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In ruling on the issue of qualified immunity, there are two prongs of inquiry: "(1) whether 'the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established' as of the date of the involved events 'in light of the specific context of the case.' " *Tarabochia v. Adkins*, 766 F.3d 1115, 1121 (9th Cir. 2014) quoting *Robinson v. York*, 566 F.3d 817, 821 (9th Cir.2009). These prongs need not be addressed by the Court in any particular order. *Pearson v. Callahan* 555 U.S. 223 (2009). In determining whether a government official should be granted qualified immunity, the facts are to be viewed "in the light most favorable to the injured party." *Chappell v. Mandeville*, 706 F.3d 1052, 1058 (9th Cir. 2013) quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001), *receded from on other grounds by Pearson*, 355

1  U.S. at 817–21; *see also Bryan v. MacPherson*, 630 F.3d 805, 817 (9th Cir.2010).

2  As previously discussed, when liberally construed, Plaintiff's allegations show a
3  constitutional violation that was clearly established at the time of the incident for which he
4  complains.  While Defendants may be able to present evidence to counter Plaintiff's factual
5  allegations, they have not and indeed may not do so until a later stage in this litigation.
6  Defendants are not entitled to qualified immunity at this time, but are not foreclosed from re-
7  raising the issue later in this litigation.

### d. Injunctive Relief

9  Defendants also argue that jurisdiction is lacking on Plaintiff's request for injunctive relief.
10 (Doc. 15, MTD, at 7:6-8:2).

11 Plaintiff must establish that he has standing to seek preliminary injunctive relief.  *Summers*
12 *v. Earth Island Institute*, 555 U.S. 488 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th
13 Cir. 2010).  Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is
14 concrete and particularized; the threat must be actual and imminent, not conjectural or
15 hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be
16 likely that a favorable judicial decision will prevent or redress the injury."  *Summers*, 129 S.Ct. at
17 1149 (citation omitted); *Mayfield*, 599 F.3d at 969.

18 It is apparent from Plaintiff's allegations in *Felder I* that the claims set forth in Plaintiff's
19 First Amended Complaint in *Felder II* arise from events which occurred at Avenal State Prison in
20 May of 2013.  In addition to the fact that Plaintiff's claims arise from past events, Plaintiff is no
21 longer incarcerated at Avenal State Prison.  Accordingly, Plaintiff lacks standing to seek relief
22 directed to provide him medical treatment at Wasco State Prison.

23 Further, "[a] federal court may issue an injunction if it has personal jurisdiction over the
24 parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of*
25 *persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727
26 (9th Cir. 1985) (emphasis added).  This Court thus lacks jurisdiction both over prison personnel at
27 Wasco State Prison to order them to provide the medical treatment that Plaintiff seeks and over the
28 issuing entities for Defendants' medical/psychiatric licenses that Plaintiff desires be revoked.

Accordingly, Defendants' request to dismiss Plaintiff's request for injunctive relief in *Felder II* should be granted.

### IV. Pleading Requirements

Though not typically done in response to a motion to dismiss, Plaintiff is being given the standards both for pleading and for the claims that he has attempted to state so that he will have all of them at his disposal when he drafts a second amended complaint which should encompass the claims he has raised in *Felder I* and *Felder II*.

#### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are

11

not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Plaintiff should endeavor to make his second amended complaint as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

### B. Federal Rule of Civil Procedure 18(a)

Fed.R.Civ.P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) citing 28 U.S.C. § 1915(g).

Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. Plaintiff should only be granted leave to amend the claims that he has raised in this action and in *Felder II* via filing a second amended complaint in this action. Plaintiff may not expand his allegations beyond what is related to those claims. Plaintiff is advised that if he files a second amended complaint, and fails to comply with Rule 18(a), all unrelated claims will be stricken.

### V. Claims for Relief

These are the legal standards for the claims that Plaintiff has attempted to state both in this action and in *Felder II* for Plaintiff's reference in drafting a second amended complaint.

12

**A. Eighth Amendment**

**1. Excessive Force**

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim").  As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir. 1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting *Rhodes*, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (8th Amendment excludes from constitutional recognition *de minimis* uses of force).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).

**2. Deliberate Indifference to Serious Medical Need**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "A medical need is

13

serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In medical cases, this requires showing:  (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  *Wilhelm*, 680 F.3d

14

at 1122 (quoting *Jett*, 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted). Under *Jett*, "[a] prisoner need not show his harm was substantial." *Id.*; *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.").

### B. Due Process

#### 1. Procedural

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

#### 2. Substantive

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 520 U.S. 1240 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).

#### 3. Involuntary Sedation

"[T]he Due Process clause permits the State to treat a prison inmate who has a serious mental illness, with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" as long as the decision to medicate against his will is neither arbitrary, nor erroneous, and comports with procedural due process. *Washington v. Harper* 494 U.S. 210, 227-29 (1990).

### C. Supervisory Liability

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a

15

supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.*

The Supreme Court has rejected liability on the part of supervisors for "knowledge and acquiescence" in subordinates' wrongful discriminatory acts. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("[R]espondent believes a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution. We reject this argument.") However, "discrete wrongs – for instance, beatings – by lower level Government actors . . . if true and if condoned by [supervisors] could be the basis for some inference of wrongful intent on [the supervisor's] part." *Iqbal*, 556 U.S. at 683. Further, the Ninth Circuit recently held that where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). It is under this rubric that the traditional and still valid elements of supervisor liability within the Ninth Circuit are properly analyzed.

It is worth restating that "'bare assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth."

*Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

## VI.  Recommendations

Based on the foregoing, the Court RECOMMENDS:

1.  That Defendants' motion to dismiss, filed in on March 4, 2014 (Doc. 21) be **GRANTED**;

2.  That Plaintiff be given leave to file a second amend complaint in this action to correct the deficiencies in his factual allegations on his claims in this action, *Felder I*, and *Felder II* .

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 11, 2015**                    /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE

17