# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. FELDER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HENSON, et al.,<br><br>　　　　　Defendants. | **Case No. 1:13-cv-01622-AWI-JLT (PC)**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION FOR PLAINTIFF TO PROCEED ON COGNIZABLE CLAIMS IN THE SECOND AMENDED COMPLAINT AND DEFENDANTS STARR, HENSON, DR. STOCKWELL, AND DR. LAKSHIMI AND ALL CLAIMS AGAINST THEM ARE DISMISSED AND DENYING PLAINTIFF'S MOTION TO AMEND AND CONSOLIDATE**<br><br>**(Doc. 41, 45, 50)** |

　　　　Plaintiff, Anthony E. Felder, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 which he filed on October 9, 2013.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 11, 2016, the Magistrate Judge filed a Findings and Recommendation upon screening Plaintiff's Second Amended Complaint that Plaintiff should be allowed to proceed on his cognizable claims of excessive force under the Eighth Amendment against Defendants Amaro, Kuckenbaker, Kruse, Hill, Morgan, Villalba, and Gibson, and for involuntary sedation in violation of the Fourteenth Amendment and forced rectal extraction of contraband in violation of the Fourth Amendment against those Defendants as well as Dr. McLoughlin and Dr. Narayan and that all other Defendants and claims should be dismissed.  (Doc. 45.)  The Findings and Recommendation was served on Plaintiff that day and contained notice that objections to the Findings and Recommendations were to be filed within thirty days.  Plaintiff filed objections on

May 16, 2016 in which he cites *Knapps v. City of Oakland* , 647 F.Supp.2d 1129 (N.D. Cal. 2009) and states that "a party injured by an unjustified assault may recover damages not only from actual assailant, but from any other person who aids, abets, counsels, or encourages the assault." (Doc. 47.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Further, on October 28, 2016, Plaintiff filed a document titled "Motion to Amend Petition to Consolidate."  (Doc. 50.)  However, in the body of this document, Plaintiff does not state anything about amending his pleading, nor about what he seeks to consolidate.  (*Id.*)  Rather, Plaintiff indicates that, despite being transferred to High Desert State Prison back in July, he has only just recently received his legal property, he received notice of the change of defense counsel, and he desires appointment of counsel.  (*Id.*)

Plaintiff fails to present new facts justifying his request to amend, *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990), and allowing further amendment in a case that is already over three years old and where Plaintiff has already had multiple opportunities to amend, would only serve to create undue delay, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. §1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel for Plaintiff, though no attorneys have volunteered at this time.  Thus, at this

time, Plaintiff's motion must be denied. If the Court received a response from an attorney who is interested in representing counsel, appointment will be made.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, that issued on March 11, 2016, is adopted in full; and
2. Plaintiff may proceed on the following cognizable claims as stated in the Second Amended Complaint:
    a. for violation of his rights under the Fourth Amendment against Defendants Amaro, Kuckenbaker, Kruse, Hill, Morgan, Villalba, Gibson, Dr. McLoughlin, and Dr. Narayan based on the events surrounding the forced extraction of contraband from Plaintiff's rectal cavity;
    b. for excessive force in violation of the Eighth Amendment against Defendants Amaro, Kuckenbaker, Kruse, Hill, Morgan, Villalba, and Gibson; and
    c. for involuntary sedation in violation of the Due Process Clause of the Fourteenth Amendment against Defendants Amaro, Kuckenbaker, Kruse, Hill, Morgan, Villalba, Gibson, Dr. McLoughlin, and Dr. Narayan; and
3. All other claims and Defendants are dismissed with prejudice;
4. Plaintiff's motion to amend and to consolidate, filed on October 28, 2016 (Doc. 50), is DENIED; and
5. The action is referred to the Magistrate Judge for service of process.

IT IS SO ORDERED.

Dated:   November 14, 2016                          _____
                                                                    SENIOR  DISTRICT  JUDGE