# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. FELDER,<br><br>Plaintiff,<br><br>v.<br><br>HENSON, et al.,<br><br>Defendants. | **Case No. 1:13-cv-01622-AWI-JLT (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OR TO POSTPONE RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT and REQUIRING PLAINTIFF TO FILE A RULE 56(d) MOTION, AN OPPOSITION, OR A STATEMENT OF NON-OPPOSITION**<br><br>**(Doc. 66)**<br><br>**30-DAY DEADLINE** |

Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on March 10, 2017. (Doc. 62.) On April 17, 2017, Plaintiff filed a motion to extend time to file an opposition or to postpone ruling on the motion to allow him to propound requests for admissions. (Doc. 66.) Defendants' time to oppose this request has yet to lapse, but they will not be prejudiced by the Court's order because it denies Plaintiff's motion.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there

is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006). Plaintiff has made no such showing.

Discovery opened in this case on December 12, 2016. (Doc. 58.) Despite the lapse of four months, apparently, Plaintiff has not conducted discovery on the issues raised in Defendant's summary judgment motion. Moreover, Plaintiff does not show what information/documents he believes exist, nor does he demonstrate how it would prevent summary judgment to justify granting his present motion. Notably, the motion focuses on whether he exhausted the administrative remedies provided at the prison before filing his lawsuit. (Doc. 62-1 at 8-11) In addition, the defendants contend that as to the healthcare appeal, the plaintiff failed to exhaust the grievance procedures because he failed to appeal the cancellation of the appeal at the third level. Id.

Plaintiff offers no explanation how requests for admissions would address these bases for the motion. Rather, it seems that whether he exhausted his administrative remedies before he filed this litigation would be evidenced by his own personal knowledge. Moreover, the defendants filed copies of the grievances and appeals the plaintiff submitted and the responses provided thereto. (Doc. 62-4 at 8-20, 28-29; 34-63) In addition, the defendants filed a declaration of the custodian of records indicating the records were true and correct. (Doc. 62-4 at 65) Therefore, this is not a situation in which there is dispute over the authenticity of the documents at issue or one where the documents have not been provided to the Court. Thus, the Court concludes that Plaintiff's bare desire to propound requests for admissions before responding to Defendants' motion, does not entitle him to relief under Rule 56(d). *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must be based on more than mere speculation). Accordingly, based on the foregoing, the Court **ORDERS**:

    1. Plaintiff's motion for an extension of time, or to postpone the ruling on the motion for summary judgment (Doc. 66) is **DENIED without prejudice**; and

2. **Within 30 days** from the date of service of this order, Plaintiff must either (1) file a Rule 56(d) motion which complies with the specific requirements identified in this order or (2) file an opposition or a statement of non-opposition to Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: **April 19, 2017**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE