# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. FELDER, | Case No. 1:13-cv-01622-AWI-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| HENSON, et al., | **(Doc. 62)** |
| Defendants. | **TWENTY-ONE DAY DEADLINE** |

Defendants contend Plaintiff failed to exhaust the available administrative remedies on his claims prior to filing suit in violation of 42 U.S.C. § 1997e(a). (Doc. 62.) For the reasons discussed below, the Court finds that Defendants' motion should be **GRANTED.**

## FINDINGS

**A.     Legal Standards**

**1.     Summary Judgment Standard**

Any party may move for summary judgment, which the Court shall grant, if the movants show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record,

1

including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The failure to exhaust is an affirmative defense which the defendants bear the burden of raising and proving on summary judgment. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910 (2007); *Albino*, 747 F.3d at 1166. The defense must produce evidence proving the failure to exhaust and summary judgment under Rule 56 is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

**2.  Statutory Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust available administrative remedies prior to filing suit. *Jones*, 549 U.S. at 211; *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Inmates must adhere to the "critical procedural rules" specific to CDCR's process. *Reyes v. Smith,* --- F.3d ---, 2016 WL 142601, *2 (9th Cir. Jan. 12, 2016). The exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002), regardless of the relief both sought by the prisoner and offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

On summary judgment, Defendants must first prove that there was an available administrative remedy which Plaintiff did not exhaust prior to filing suit. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172). If Defendants carry their

burden of proof, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

"Under § 1997e(a), the exhaustion requirement hinges on the "availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1858 (June 6, 2016). An inmate is required to exhaust those, but only those, grievance procedures that are "capable of use" to obtain "some relief for the action complained of." *Id.* at 1858-59, citing *Booth v. Churner,* 532 U.S. 731, 738 (2001). However, "a prisoner need not press on to exhaust further levels of review once he has [ ] received all 'available' remedies." *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

"If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Williams*, at 1166. The action should then be dismissed without prejudice. *Jones*, 549 U.S. at 223-24; *Lira v. Herrrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### 3. Summary of CDCR's Inmate Appeals Process

The California Department of Corrections and Rehabilitation ("CDCR") has a generally available administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners welfare, Cal. Code Regs., tit. 15, § 3084, *et seq*. Compliance with section 1997e(a) requires California state prisoners to use that process to exhaust their claims. *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010).

An inmate initiates the grievance process by submitting a CDCR Form 602, colloquially called an inmate appeal, describing "the problem and action requested." Cal. Code Regs., tit. 15, § 3084.2(a). An IA must be submitted within 30 calendar days of the event or decision being appealed, first knowledge of the action or decision being appealed, or receipt of an unsatisfactory departmental response to an appeal filed. Tit. 15 § 3084.8(b). The inmate is limited to raising one issue, or related set of issues, per IA in the space provided on the form and one form

attachment in which he/she shall state all facts known on that issue. Tit. 15 § 3084.2(a)(1),(2),(4). All involved staff members are to be listed along with a description of their involvement in the issue. Tit. 15 § 3084.2(a)(3). Originals of supporting documents are to be submitted with the IA; if they are not available, copies may be submitted with an explanation why the originals are not available, but are subject to verification at the discretion of the appeals coordinator. Tit. 15 § 3084.2(b). With limited exceptions, an inmate must initially submit his/her IA to the first-level. Tit. 15 § 3084.7. If dissatisfied with the first-level response, the inmate must submit the IA to the second-level, and likewise thereafter to the third-level. Tit. 15 § 3084.2, .7. First and second-level appeals shall be submitted to the appeals coordinator at the institution for processing. Tit. 15 § 3084.2(c). Third-level appeals must be mailed to the Appeals Chief via the United States mail service. Tit. 15 § 3084.2(d).

**B.      Defendants' Motion on Exhaustion per 42 U.S.C. § 1997e(a)**[1]

Defendants assert that Plaintiff did not exhaust available administrative remedies on either of the claims he is proceeding on in this action under § 1983 before he filed suit, entitling them to judgment. (Doc. 62.) The Court must determine if Plaintiff filed any IAs concerning the allegations he is proceeding on in this action; if so, whether Plaintiff complied with CDCR's process; and if Plaintiff did not comply with CDCR's process, whether it because the process had been rendered unavailable to him. *Ross*, 136 S. Ct. at 1859; *Sapp*, 623 F.3d at 823.

**1.      Plaintiff's Claims**

Plaintiff is proceeding in this action on the following claims stated in the Second Amended Complaint (Doc. 41) for events which occurred on May 16, 2013, upon Plaintiff's arrival at Avenal State Prison when he was restrained and sedated for collection of contraband secreted in his rectum:

a.      violation of his rights under the Fourth Amendment against Defendants Amaro, Kuckenbaker, Kruse, Hill, Morgan, Villalba, Gibson, Dr. McLoughlin, and Dr. Narayan based on the events surrounding the forced extraction of contraband from

---
[1] All references to pagination of specific documents pertain to those as indicated on the upper-right corners via the CM/ECF electronic court docketing system.

|   |   |   |
|---|---|---|
| 1 |   | Plaintiff's rectal cavity; |
| 2 | b. | excessive force in violation of the Eighth Amendment against Defendants Amaro, |
| 3 |   | Kuckenbaker, Kruse, Hill, Morgan, Villalba, and Gibson; and |
| 4 | c. | involuntary sedation in violation of the Due Process Clause of the Fourteenth |
| 5 |   | Amendment against Defendants Amaro, Kuckenbaker, Kruse, Hill, Morgan, |
| 6 |   | Villalba, Gibson, Dr. McLoughlin, and Dr. Narayan. |

(Doc. 54.) To defeat Defendants' motion, Plaintiff must have exhausted available administrative remedies on the above claims before he initiated this action on October 9, 2013. (*See* Doc. 1.) Defendants and Plaintiff agree that IA ASP-13-00811 ("IA 00811") is Plaintiff's applicable non-health-care IA on this incident and that IA ASP HC 13026624 ("IA 13026624") is Plaintiff's IA on his health-care claims in the incident. (*See* Docs. 62, 69.) Defendants do not dispute the sufficiency of Plaintiff's claims raised in these IAs; rather, they contend that Plaintiff filed this suit five days before he exhausted available administrative remedies on IA 00811 (Doc. 62, p. 8) and that he did not exhaust available administrative remedies on IA 13026624 (*id.*, at pp. 8-11).

### a. IA 00811 (Plaintiff's non-health-care claims)

It is undisputed that Plaintiff initially submitted this IA on June 10, 2013 and first level review was bypassed. (Doc. 62-4, p. 16; Doc. 69, p. 21.) The second level response issued on July 11, 2013. (Doc. 62-4, pp. 28-29; Doc. 69, pp. 26-27.) Plaintiff submitted it for third level review on July 31, 2013. (Doc. 62-4, p. 17; Doc. 69, p. 22.) The third level appeal decision, which exhausted available administrative remedies, issued five days after Plaintiff filed suit -- on October 14, 2013. (Doc. 62-4, pp. 10-11; Doc. 69, pp. 29-30.)

Plaintiff's only argument on this IA is that the claims in it were "exhausted on October 4, 2013. [sic] When appeals examiner R. Briggs whom was acting on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR). [sic] Reviewed all documentation and the arguments of the parties . . . Determined that 'staff did not violated policy as alleged'; then concluded by saying that, 'Therefore, no relief is provided at the Third Level of Review.'" (Doc. 69, p. 3.)[2] It is true that the body of the third level decision notes "On October

---

[2] Plaintiff cites to paragraph 17 of his declaration, but that part of his declaration discusses his health care IA, which

5

4, 2013, the examiner reviewed the confidential report related to this appeal and determined that staff did not violate policy as alleged." (Doc. 62-4, p. 10; Doc. 69, p. 29.) However, that decision is date stamped as issuing on October 14, 2013. (*Id.*; *see also* Doc. 69, p. 22 (noting "Third Level Use Only Date mailed/delivered to appellant OCT 14 2013".) Furthermore, as noted in Defendants' reply, (Doc. 70, pp. 3-4), Plaintiff's initial complaint in this action refers only to decisions at the first two levels of administrative review, (Doc. 1, p. 2), and though he attaches his non-healthcare appeal to the initial complaint, it fails to include any response at the third level, (*id.* pp. 6-16.) Defendants assert, and the Court agrees, that this is because Plaintiff could not provide information on the results of the third level review because "quite simply, he did not yet know the outcome of his appeal to the third level. No final adjudication at the third level had yet taken place." (Doc. 70, p. 3.) Plaintiff provides no authority to support his assertion that the third level decision on this IA was effective when prison officials reviewed documentation and arguments to arrive at a decision on October 4, 2013, instead of October 14, 2013, when that decision actually issued and the Court finds none.

The available administrative remedies on IA 00811 were exhausted as of October 14, 2013 -- when the third level decision issued. Plaintiff filed this action on October 9, 2013 (*see* Doc. 1) which was five days premature for exhaustion purposes under § 1997e(a). Prisoners are required to exhaust available administrative remedies *prior* to filing suit. *Jones*, 549 U.S. at 211; *McKinney*, 311 F.3d at 1199-1201. Accordingly, summary judgment is proper on Plaintiff's non-health-care claims regarding the events of May 16, 2013.

**b.      IA 13026624 (Plaintiff's health-care claims)**

It is undisputed that Plaintiff initially submitted this IA on June 14, 2013. (Doc. 62-4, p. 44; Doc. 69, p. 32.) The first level response, which partially granted this IA, issued on July 7, 2013. (Doc. 62-4, pp. 41-43; Doc. 69, pp. 37-39.) Plaintiff appealed the first level response to the second level on August 28, 2013. (Doc. 62-4, p. 33; Doc. 69, p. 45.) The second level response issued on October 8, 2013, and also partially granted this IA. (Doc. 62-4, pp. 48-50; Doc. 69, pp. 41-43.) Plaintiff filed this action the very next day. (*See* Doc. 1.) On October 28,

is IA 13026624, not IA 00811. (*See* Doc. 69, pp 10-11.)

2013, nineteen days after he filed suit, Plaintiff appealed the second level response to the third level. (Doc. 62-4, p. 53; Doc. 69, p. 33.)

On December 11, 2013, this IA was cancelled noting that because of Plaintiff's "paroled or discharged status, the Department is unable to provide injunctive relief related to your health care appeal request(s)" since Plaintiff's health care was "no longer under the jurisdiction of the California Correctional Health Care Services and the action or decision being appealed is not within the administrative remedies." (Doc. 62-4, p. 51; Doc. 69, p. 45.) Whether the cancellation of this IA was proper; whether Plaintiff should have appealed its cancellation; and/or whether CDCR should have provided Plaintiff (who had been transferred to a county jail and thus was no longer in CDCR custody) the requisite forms to appeal the cancellation need not be reached since Plaintiff filed suit over two weeks before he appealed to the third level.

Further, though this IA was partially granted via the responses at the first and second levels, Plaintiff does not assert that he was satisfied with the results at either of these levels to have exhausted administrative remedies. Rather, Plaintiff's appealed to the next level and on each, clearly stated that he was dissatisfied. Also, both responses clearly state that further remedies were available such that neither of those responses served to exhaust the available administrative remedies. *See Harvey v. Jordan*, 605 F.3d 681, 684-85 (9th Cir. 2010) (finding prisoner had exhausted where his inmate appeal received a "partial grant" of his first request - "An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies," tempered by both whether the entire relief requested was granted and whether the inmate has been "reliably informed by an administrator that no [further] remedies are available.")

Clearly, Plaintiff had not exhausted his available administrative remedies on his health-care claims when he filed this action weeks before he appealed the second level response. *Jones*, 549 U.S. at 211; *McKinney*, 311 F.3d at 1199-1201. Defendants are thus entitled to summary judgment on Plaintiff's health-care claims surrounding the events of May 16, 2013.

**RECOMMENDATION**

Based on the foregoing, Plaintiff filed this action before he exhausted available

7

administrative remedies on his non-health-care and health-care claims in this action. Defendants are entitled to summary judgment and all of Plaintiff's claims should be dismissed.

Accordingly, the Court **RECOMMENDS** that Defendants' motion for summary judgment, filed on March 10, 2017 (Doc. 62), be **GRANTED** and this action be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson*, 772 F.3d at 838-39 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 20, 2017**              /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE